**UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov
**CHAPTER 13 PLAN (Individual Adjustment of Debts)**

☐ _____ Original Plan

■ 7th _____ Amended Plan (Indicate 1st, 2nd, etc. Amended, if applicable)

☐ _____ Modified Plan (Indicate 1st, 2nd, etc. Modified, if applicable)

DEBTOR: Kevin C Gleason    JOINT DEBTOR: _____    CASE NO.: 17-25508-EPK

SS#: xxx-xx- 3815    SS#: xxx-xx- _____

## I. NOTICES

**To Debtors:** Plans that do not comply with local rules and judicial rulings may not be confirmable. All plans, amended plans and modified plans shall be served upon all creditors and a certificate of service filed with the Clerk pursuant to Local Rules 2002-1 (C)(5), 3015-1(B)(2), and 3015-2. Debtor(s) must commence plan payments within 30 days of filing the chapter 13 petition or within 30 days of entry of the order converting the case to chapter 13.

**To Creditors:** Your rights may be affected by this plan. You must file a timely proof of claim in order to be paid. Your claim may be reduced, modified or eliminated.

**To All Parties:** The plan contains no nonstandard provisions other than those set out in paragraph VIII. Debtor(s) must check one box on each line listed below in this section to state whether the plan includes any of the following:

| | Included | Not included |
|---|---|---|
| The valuation of a secured claim, set out in Section III, which may result in a partial payment or no payment at all to the secured creditor | ☐ | ■ |
| Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section III | ☐ | ■ |
| Nonstandard provisions, set out in Section VIII | ■ | ☐ |

## II. PLAN PAYMENTS, LENGTH OF PLAN AND DEBTOR(S)' ATTORNEY'S FEE

**A. MONTHLY PLAN PAYMENT:** This Plan pays for the benefit of the creditors the amounts listed below, including trustee's fees of 10%, beginning 30 days from the filing/conversion date. In the event the trustee does not retain the full 10%, any unused amount will be paid to unsecured nonpriority creditors pro-rata under the plan:

1. $139.50        for months   1   to   7  ;
2. $1,902.80     for months   8   to   8  ;
3. $139.50        for months   9   to  36 ;
4. $11,000.00   for months  37  to  37 ;

**B. DEBTOR(S)' ATTORNEY'S FEE:**    ■ NONE    ☐ PRO BONO

## III. TREATMENT OF SECURED CLAIMS

**A. SECURED CLAIMS:** ☐ NONE

[Retain Liens pursuant to 11 U.S.C. §1325 (a)(5)] Mortgage(s)/Lien on Real or Personal Property:

1. Creditor: Broward County Tax Collector
   Address: 115 S. Andrews Ave.A-110 Fort Lauderdale, FL 33301-1895
   Arrearage/ Payoff on Petition Date: 4565.34 (3507.79@ 18% interest per year)
   [Select Payment Type]    $126.82    /month (Months   1   to  36 )
   Last 4 Digits of Account No.:    0739
   Other: _____

Debtor(s): Kevin C Gleason          Case number: 17-25508-EPK

- ■ Real Property
  - ☐ Principal Residence
  - ■ Other Real Property

Check one below for Real Property:
- ☐ Escrow is included in the regular payments
- ■ The debtor(s) will pay  ■ taxes  ■ insurance directly

Address of Collateral:
4121 N 31st Avenue
Hollywood, Fl 33021-2-11

- ☐ Personal Property/Vehicle

Description of Collateral:

B. **VALUATION OF COLLATERAL:** ■ NONE

C. **LIEN AVOIDANCE** ■ NONE

D. **SURRENDER OF COLLATERAL:** Secured claims filed by any creditor granted stay relief in this section shall not receive a distribution fom the Chapter 13 Trustee.
- ■ NONE

E. **DIRECT PAYMENTS:** Secured claims filed by any creditor granted stay relief in this section shall not receive a distribution fom the Chapter 13 Trustee.
- ☐ NONE
- ■ The debtor(s) elect to make payments directly to each secured creditor listed below. The debtor(s) request that upon confirmation of this plan the automatic stay be terminated in rem as to the debtor(s) and in rem and in personam as to any codebtor(s) as to these creditors. Nothing herein is intended to terminate or abrogate the debtor(s)' state law contract rights.

| | Name of Creditor | Last 4 Digits of Account No. | Description of Collateral (Address, Vehicle, etc.) |
|---|---|---|---|
| 1. | SE Toyota Finance | 1832 | 2015 Toyota Prius |
| 2. | James and Suzanne Kincaid Trip Up Trust | 1442 | Chase XXXX-2090 |

IV. **TREATMENT OF FEES AND PRIORITY CLAIMS** [as defined in 11 U.S.C. §507 and 11 U.S.C. § 1322(a)(4)]

A. **ADMINISTRATIVE FEES OTHER THAN DEBTORS(S)' ATTORNEY'S FEE:** ■ NONE

B. **INTERNAL REVENUE SERVICE:** ☐ NONE

Total Due: $1,603.00    Total Payment: $1,603.00
Payable: $1,603.00 /month (Months 8 to 8 )

C. **DOMESTIC SUPPORT OBLIGATION(S):** ■ NONE

D. **OTHER:** ■ NONE

V. **TREATMENT OF UNSECURED NONPRIORITY CREDITORS**

A. Pay $10,000.00 /month (Months 37 to 37 )
Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

B. ☐ If checked, the Debtor(s) will amend/modify to pay 100% to all allowed unsecured nonpriority claims.

C. **SEPARATELY CLASSIFIED:** ■ NONE

*Debtor(s) certify the separate classification(s) of the claim(s) listed above will not prejudice other unsecured nonpriority creditors pursuant to 11 U.S.C. § 1322.

VI. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES:** Secured claims filed by any creditor/lessor granted stay relief in this section shall not receive a distribution from the Chapter 13 Trustee.
- ■ NONE

VII. **INCOME TAX RETURNS AND REFUNDS:** ☐ NONE

- ☑ Debtor(s) shall provide copies of yearly income tax returns to the Trustee (but not file with the Court) no later than May 15th during the pendency of the Chapter 13 case. In the event the debtor(s)' disposable income or tax refunds increase, debtor(s) shall increase payments to unsecured creditors over and above payments provided through the Plan up to 100% of allowed unsecured claims. [Broward/Palm Beach cases]

VIII. **NON-STANDARD PLAN PROVISIONS** ☐ NONE

- ☑ Nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Local Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

<u>Creditor Deutsche Bank Trust ("Trust")</u>  Sale of the real property commonly known as 1312 Polk Street, Hollywood, FL has been approved by the Bankruptcy Court [See ECF # 60].  The proceeds shall be distributed in accordance with an Order of the Bankruptcy Court in Adversary Proceeding 18-1004-EPK in full satisfaction of the claim of Trust.  Trust shall retain the lien securing its claim until the payment of the underlying debt determined under non-bankruptcy law; and if the case is dismissed or converted to another chapter without completion of the plan, its lien shall also be retained to the extent recognized by applicable non-bankruptcy law; and the value of property to be distributed under the plan on account of its claim is not less than the allowed amount of its claim.

<u>Kincaid/Trip Up Trust</u>  In addition to receiving payments outside the plan, Kincaid/Trip Up Trust shall retain whatever lien rights securing the claim under applicable non-bankruptcy law until the payment of the underlying debt determined under non-bankruptcy law; and if the case is dismissed or converted to another chapter without completion of the plan, its lien shall also be retained to the extent recognized by applicable non-bankruptcy law; and the value of property to be distributed outside the plan on account of its claim is not less than the allowed amount of its claim.

<u>Lawsuits, Claims, Inheritances</u>  In the event the Debtor recovers any non-exempt proceeds from any lawsuit, claim, or inheritance, those proceeds will be turned over to the Chapter 13 Trustee for the benefit of the unsecured creditors over and above what is provided for in the plan up to 100% of allowed unsecured claims.

- ☐ Mortgage Modification Mediation

**PROPERTY OF THE ESTATE WILL VEST IN THE DEBTOR(S) UPON PLAN CONFIRMATION.**

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

s/ Kevin C Gleason        Debtor    June 10, 2018                Joint Debtor
Kevin C Gleason                     Date                                          Date

_____    _____
Attorney with permission to sign on      Date
Debtor(s)' behalf

**By filing this document, the Attorney for Debtor(s) or Debtor(s), if not represented by counsel, certifies that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Local Form Chapter 13 Plan and the plan contains no nonstandard provisions other than those set out in paragraph VIII.**